UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL WEST,

    Plaintiff,

v.

MARC LANDAU and DRINDA OSBORNE,

    Defendants.

Case No. 25-10420
Honorable Laurie J. Michelson

**ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF [10]**

Darryl West alleges that he has a "lifetime housing agreement" with Drinda Osborne (ECF No. 11, PageID.92), "whereby [West] would provide construction services, convalescent care for Defendant Osborne's elderly mother, and family support in exchange for lifetime housing" (*id.* at PageID.99). But West asserts that Osborne is currently seeking to evict him, allegedly in retaliation for his "cooperation with law enforcement and [his] refusal to yield to intimidation." (ECF No. 10, PageID.90.) Specifically, West claims that he reported Osborne to the police in September 2024 after she "unlawfully removed [his] equipment trailer" from his property (ECF No. 11, PageID.94) and that Osborne responded by "initiat[ing] a retaliatory eviction process in state court" (ECF No. 10, PageID.85). He further alleges that Marc Landau, Osborne's attorney in the criminal proceedings against her and the eviction proceedings against West, "has engaged in a pattern of intimidation

and witness tampering, including sending emails that attempt to coerce [West] into changing his testimony regarding the criminal matter." (*Id.*)

In February 2025, West brought this *pro se* action against Osborne and Landau (ECF No. 1) along with an application to proceed without prepaying fees and costs (ECF No. 2). In his application, West alleges that he earns Supplemental Security Income, so he has made the required showing of indigence under 28 U.S.C. § 1915(a)(1). In turn, the Court has an obligation under 28 U.S.C. § 1915(e)(2) to conduct a preliminary screening of West's complaint and dismiss any claim that is frivolous, malicious, or fails to state a claim on which relief may be granted. While the Court has been in the process of screening West's complaint, he has filed four amended complaints. (ECF Nos. 5, 6, 8, 11.) He has now filed this emergency motion for a temporary restraining order asking this Court to "enjoin the Defendants from proceeding with the ongoing eviction in state court." (ECF No. 10.) The motion is ex parte as it appears that neither Osborne nor Landau have been served with or otherwise notified of the motion.

In his motion, West asserts that he is a double amputee and dialysis patient facing "irreparable harm in the absence of injunctive relief, potentially facing homelessness, severe deterioration of health, and loss of access to essential medical equipment and care." (*Id.* at PageID.85.) In the affidavit he attaches to his motion, he avers that his current residence "is specifically designed to accommodate [his] physical needs and medical condition," that "[e]viction would immediately jeopardize [his] housing stability, health, and access to critical medical care," and that he "lack[s]

2

alternative accessible housing." (*Id.* at PageID.90.) West asks this Court for (1) "[t]he issuance of a Temporary Restraining Order immediately prohibiting the Defendants from taking any further action in the landlord-tenant eviction proceedings or seeking to remove [West] from [his residence]" and (2) a hearing on his motion for a preliminary injunction "to allow [him] to present supporting evidence." (*Id.* at PageID.86.)

The Court is sympathetic to West's situation and concerns. However, it cannot grant West's ex parte motion. Most fundamentally, the relief West seeks is beyond the Court's power. The Court has no authority to enjoin a state court proceeding, with limited exceptions not applicable here. *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."). So this Court cannot enjoin ongoing eviction proceedings against West in state court. The same prohibition applies with equal force to a request for the Court to enjoin the parties to the action, so the Court cannot "enjoin the Defendants from proceeding with the ongoing eviction action in state court and from taking any measures to remove the Plaintiff from his residence." (ECF No. 10, PageID.84); *see Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970) ("It is settled that the prohibition of § 2283 cannot be evaded by addressing the order to the parties . . . ."). West must raise his arguments against the eviction proceeding in state court.

3

What is more, even if West sought relief that was within the Court's authority to provide, West fails to satisfy the requirements of Federal Rule of Civil Procedure 65(b). Rule 65(b) specifies that the Court may issue a temporary restraining order without notice to the adverse party "only if" (1) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required" and (2) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." West does not address the first requirement. Nowhere does he describe his efforts to notify Osborne and Landau of his motion for a temporary restraining order, nor does he explain why he is entitled to emergency relief before the defendants receive such notice.

Accordingly, the Court DENIES Darryl West's emergency motion for a temporary restraining order and injunctive relief (ECF No. 10) and GRANTS his application to proceed without prepaying fees or costs (ECF No. 2).

SO ORDERED.

Dated: April 4, 2025

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

4