UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DARRYL WEST,<br><br>    Plaintiff,<br><br>v.<br><br>MARC LANDAU and DRINDA OSBORNE,<br><br>    Defendants. | Case No. 25-10420<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT [11] AND DENYING AS MOOT PLAINTIFF'S RENEWED EMERGENCY MOTIONS FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF [15, 16]**

Darryl West alleges that he has a "lifetime housing agreement" with Drinda Osborne (ECF No. 11, PageID.92), "whereby [West] would provide construction services, convalescent care for Defendant Osborne's elderly mother, and family support in exchange for lifetime housing" (*id.* at PageID.99). But West asserts that Osborne is currently seeking to evict him, allegedly in retaliation for his "cooperation with law enforcement and refusal to alter his testimony" against Osborne in criminal proceedings against her. (*Id.* at PageID.98.)

Specifically, West claims that he reported Osborne to the police in September 2024 after she "unlawfully removed [his] equipment trailer" from his property (*id.* at PageID.94) and that Osborne responded by "initiating a retaliatory eviction action" (*id.* at PageID.98). He further alleges that Marc Landau, Osborne's attorney in the criminal proceedings against her and the eviction proceedings against West, "sent

multiple threatening emails [to West] in an effort to pressure and intimidate him into altering his testimony . . . [and] demanded that [West] claim he and Osborne had reconciled and that the trailer had not been stolen." (*Id.* at PageID.94.)

In February 2025, West brought this *pro se* action against Osborne and Landau. On April 3, 2025, he filed a fourth amended complaint (ECF No. 11), along with an emergency motion for a temporary restraining order (ECF No. 10). On April 4, 2025, the Court denied that emergency motion. (ECF No. 13.) Then, on April 11, 2025, West filed renewed emergency motions for a temporary restraining order. (ECF Nos. 15, 16.) For the reasons below, the Court summarily dismisses West's complaint and denies his motions as moot.

I.

Because the Court has granted West leave to proceed without prepayment of the filing fee under 28 U.S.C. § 1915 (ECF No. 13), it has an additional responsibility: it must screen West's complaint and decide whether it is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

In deciding whether a complaint states a claim upon which relief may be granted, the Court must determine whether it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Detailed factual allegations are not required, *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 614 (6th Cir. 2012), but the

complaint must "raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And while a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), that leniency is "not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The "basic pleading requirements 'apply to self-represented and counseled plaintiffs alike.'" *Williams v. Hall*, No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)). Thus, *pro se* plaintiffs "still must plead facts sufficient to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11454, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011); *see also Adams v. Michigan*, No. 22-1630, 2023 U.S. App. LEXIS 2585, at *2 (6th Cir. Feb. 1, 2023) ("Although a pro se litigant is entitled to liberal construction of his pleadings, he must allege more than 'conclusory allegations or legal conclusions masquerading as factual conclusions' with respect to 'all the material elements to sustain a recovery under some viable legal theory.'" (citations omitted)).

The Court screens West's most recent amended complaint, titled "corrected second amended complaint."[1] (ECF No. 11.)

---

[1] West initiated this *pro se* action in February 2025. (ECF No. 1.) He initially sued only Landau (ECF Nos. 1, 5, 6) but has since amended his complaint and added Osborne as a defendant (ECF Nos. 8, 11). West's most recent amended complaint (ECF No. 11) is the operative complaint; it supersedes all of his prior complaints and renders each a "nullity." *B&H Med., L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 268 n.8 (6th Cir. 2008); *see Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (explaining that an amended complaint supersedes all prior complaints and becomes the operative pleading).

## II.

West brings ten claims: against both Osborne and Landau, "violation of the Americans with Disabilities Act" (count 1), "retaliation in violation of 42 U.S.C. § 1983" (count 2), "abuse of process" (count 3), "civil conspiracy" (count 6), and intentional infliction of emotional distress (count 7); against Osborne alone, breach of contract (count 4), fraud and misrepresentation (count 5), violation of the Fair Housing Act (count 9), and declaratory judgment "stating that the lifetime housing agreement is enforceable, that Plaintiff has a legal right to remain at the Carpenter Road property, and that any eviction effort is unlawful under the facts and law" (count 10); and against Landau alone, witness tampering and obstruction of justice (count 8). (ECF No. 11.) The Court will begin its analysis with the federal law claims.

First, the Court dismisses West's claims that Osborne and Landau violated the Americans with Disabilities Act and that Osborne violated the Fair Housing Act (counts 1 and 9). While West asserts he is disabled and raises claims concerning his housing, that is not enough to state a claim under either statute.

The ADA prohibits disability discrimination in specific realms: employment ("Title I"), state and local government services and programs, including public transportation systems ("Title II"), public accommodations, i.e., private businesses that are open to the public ("Title III"), and telecommunications ("Title IV"). *See* 42 U.S.C. §§ 12101–12213; 47 U.S.C. § 225 (telecommunications). Only certain types of housing, such as public housing programs and private and public university housing, fall within the Act's coverage. *See* 42 U.S.C. §§ 12131–12165 ("Title II") (prohibiting

4

public entities, such as state and local governments, from discriminating on the basis of disability in the provision of services, programs, and activities). But West does not allege that a public entity provides his housing. Instead, his ADA claim is against two private individuals, and his complaint suggests his housing is privately owned and operated. Nor is a place of residence a "place of public accommodation" for purposes of Title III of the ADA. *See* 42 U.S.C. §§ 12181–12189 (prohibiting disability discrimination by public accommodations such as inns, hotels, motels, "or other place[s] of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire," *id.* § 12182(7)(A)); *Jenkins v. Turner*, No. 14-14348, 2014 U.S. Dist. LEXIS 164148, at *4 (E.D. Mich. Nov. 24, 2014) ("Federal courts have consistently held that residential condominiums and apartments are not 'public accommodations,' within the meaning of the ADA. Plaintiff's rental unit does not qualify as a public accommodation under Title III of the ADA, thus, he cannot maintain an action under this statute against the defendants." (collecting cases)).

So West fails to plausibly allege that he lives in ADA-covered housing or that the persons he sues are subject to the ADA. *See Tucker v. Tennessee*, 539 F. 3d 526, 532–33 (6th Cir. 2008) (explaining that an ADA plaintiff must plausibly allege not only that he is a qualified individual with a disability but also that the persons he sues are subject to the ADA).

Unlike the ADA, the Fair Housing Act expressly applies to places of residence, private and public alike. *See* 42 U.S.C. § 3602(b) (defining "dwelling" as "any building, structure, or portion thereof which is occupied as, or designed or intended for

5

occupancy as, a residence by one or more families"). But the FHA does not apply to every claim brought by a disabled person related to their housing. To state a claim, a plaintiff must plausibly allege that he was discriminated against because of his disability. *See id.* § 3604(f)(1) (prohibiting discrimination in the sale or rental of "a dwelling" on the basis of "a [disability] of . . . a person residing in . . . that dwelling"); *id.* § 3604(f)(3)(B)(ii) (prohibiting the refusal "to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling"); *see also id.* § 3603(b) (providing exceptions to the FHA's applicability). But the basis for West's suit is that Osborne allegedly seeks to evict him for reporting her theft to the police and for cooperating with law enforcement and prosecutors thereafter. That does not constitute discrimination prohibited by the FHA.

Because West fails to sufficiently plead that his disability is the basis for the defendants' alleged misconduct, his FHA claim is dismissed.

Next, the Court considers West's claim of "retaliation in violation of 42 U.S.C. § 1983." To state a federal constitutional claim under Section 1983, a plaintiff must set forth facts that show (1) he was deprived of a right secured by the federal Constitution and (2) the deprivation was caused by a person acting "under color of state law." *See Baynes v. Cleland*, 799 F.3d 600, 607 (6th Cir. 2015). The Court takes these two requirements in turn.

First, West does not identify a constitutional right that the defendants allegedly violated. *See Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990)

6

("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere."). Liberally construing count 2 of his complaint, West appears to allege retaliation in violation of the First Amendment; he asserts that he "was engaged in constitutionally protected activity, including the right to report criminal conduct and testify truthfully in legal proceedings" and that Osborne and Landau retaliated against him for his "protected activity." (ECF No. 11, PageID.98.) Alternatively, he may base his Section 1983 claim on "abuse of process," which he raises in count 3, but "[t]he Sixth Circuit has not 'specifically determined whether a claim for abuse of process is a cognizable constitutional claim that can be redressed pursuant to § 1983'" or whether plaintiffs may only allege the tort of abuse of process under state law. *Garcia v. Thorne*, 520 F. App'x 304, 311 (6th Cir. 2013) (quoting *Voyticky v. Village of Timberlake*, 412 F.3d 669, 676 (6th Cir. 2005)); *see also Rapp v. Dutcher*, 557 F. App'x 444, 448 (6th Cir. 2014) ("[B]ecause we have not recognized the existence of a § 1983 abuse of process claim, and because plaintiffs offer no persuasive reason why we should on the facts of this case, the abuse of process claim was properly dismissed.").[2]

---

[2] West alleges that "Defendants misused legal process by initiating a retaliatory eviction action based on false information and improper motives" and that "[t]heir intent was to punish and intimidate [West], not to lawfully resolve a housing dispute." (ECF No. 11, PageID.98.)Whether a federal or state abuse of process claim, it will be dismissed. As explained, West cannot maintain a Section 1983 action against the defendants, as they are private citizens and West fails to plausibly allege they acted under color of state law. And the Court declines to exercise supplemental jurisdiction over any of West's state law claims, as explained below.

7

But even assuming West plausibly alleges the deprivation of a constitutional right, he clearly fails to satisfy Section 1983's under-color-of-law requirement. Osborne and Landau are private citizens, and nothing in West's complaint supports that either defendant's private conduct is "fairly attributable" to the state. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *see Revis v. Meldrum*, 489 F.3d 273, 289 (6th Cir. 2007) ("[M]ost rights secured by the Constitution are protected only against infringement by governments."); *see also Howell v. Father Maloney's Boys' Haven, Inc.*, 976 F.3d 750, 752 (6th Cir. 2020) ("Only claims against 'state actors' are eligible for relief under [Section 1983]."); *Bowman v. Merkley*, No. 23-5638, 2023 WL 9186333, at *1 (6th Cir. Dec. 26, 2023) ("A private entity may be deemed to be a state actor 'under discrete circumstances . . . .'" (quoting *Thomas v. Nationwide Child.'s Hosp.*, 882 F.3d 608, 612 (6th Cir. 2018))); *Lugar*, 457 U.S. at 935 & n.18 (explaining that conduct that constitutes "state action" for purposes of the Fourteenth Amendment also constitutes "action under color of state law" for purposes of Section 1983).

Simply asserting that "Osborne, acting under color of state law, used legal eviction proceedings as a means of retaliation" does not transform Osborne's conduct into action under color of state law. (ECF No. 11, PageID.98); *see also Jenkins*, 2014 U.S. Dist. LEXIS 164148, at *3 ("Private landlords are not considered state actors and thus cannot be liable for damages under § 1983." (citing *Hill v. Langer*, 86 F. App'x 163, 164–67 (6th Cir. 2004))). Nor is it enough for West to allege that Landau "attempted to coerce Plaintiff through threatening emails, undermining the judicial

8

process." (ECF No. 11, PageID.98.) Allegedly using the judicial system to accomplish misconduct does not constitute action taken under color of state law. *See Redding v. St. Eward*, 241 F.3d 530, 533 (6th Cir. 2001) ("The United States Supreme Court has held that acting under color of state law requires that the defendant in a § 1983 action have exercised the power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988))).

So neither Osborne nor Landau is susceptible to suit under Section 1983. Count 2 of West's complaint is dismissed. And because a civil conspiracy claim under Section 1983 cannot survive without an adequately pled constitutional violation, West's conspiracy claim (count 6) must be dismissed as well. *See, e.g.*, *Rapp*, 557 F. App'x at 450 ("A claim for civil conspiracy under § 1983 exists only where the plaintiff has established a separate and actionable constitutional injury.").

Next, West's claim of witness tampering and obstruction of justice against Landau (count 8) is also dismissed. Although West does not cite the authority for this claim, state and federal criminal law prohibit both witness tampering and obstruction of justice. *See* 18 U.S.C. § 1512(b)(1) (witness tampering); Mich. Comp. Laws § 750.122 (same); 18 U.S.C. §§ 1501–1521 (obstruction of justice); *People v. Meissner*, 812 N.W.2d 37, 47 (Mich. Ct. App. 2011) ("Obstruction of justice is a common-law charge that can be prosecuted under MCL 750.505 and 'is generally understood as an interference with the orderly administration of justice.' Obstruction of justice is considered a category of offenses; a common example is witness coercion." (quoting

*People v Thomas,* 475 N.W.2d 288, 291 (Mich. 1991); citing *People v Tower,* 544 N.W.2d 752, 754 (Mich. 1996))).

However, West lacks the authority to bring criminal charges against another private citizen. *See* 28 U.S.C. § 547; Mich. Comp. Laws § 14.28. Criminal statutes do not generally confer a private cause of action in a civil case, and the criminal statutes at issue here create no exception to that general rule. *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 190 (1994) ("[The Supreme Court] ha[s] been quite reluctant to infer a private right of action from a criminal prohibition alone . . . ."); *see Hopson v. Aguair Law Off.*, No. 12-769, 2013 U.S. Dist. LEXIS 56372, at *2 (W.D. Ky. Apr. 19, 2013) ("Obstruction of justice is a federal crime. The federal obstruction of justice statutes, 18 U.S.C. §§ 1501 *et seq.*, do not provide for a private cause of action or civil remedies."); *Shahin v. Darling*, 606 F. Supp. 2d 525, 538 (D. Del.) ("Plaintiff, however, has no private cause of action for the alleged violation of 18 U.S.C. § 1512."), *aff'd*, 350 F. App'x 605 (3d Cir. 2009).

Thus, West's criminal claim against Landau, or his attempt to initiate criminal charges against Landau, fail.

Having dismissed West's federal claims, the Court declines to exercise supplemental jurisdiction over and dismisses his state law claims of breach of contract, fraud and misrepresentation, and intentional infliction of emotional distress (counts 4, 5, and 7). *See* 28 U.S.C. § 1367(c)(3) (providing that district courts have discretion to decline to exercise supplemental jurisdiction over claims arising under state law if it has dismissed all claims over which it had original jurisdiction); *Musson*

10

*Theatrical Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims . . . ." (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); *cf. Royal Canin U.S.A., Inc. v. Wullschleger*, 145 S. Ct. 41, 51–55 (2024) (concluding that elimination of federal claims in removal action requires remand to state court, *id.* at 54–55, and explaining that "[n]othing in § 1367's text" distinguishes between removal actions and cases originally filed in federal court), *id.* at 51); *Quarles v. City of Zainesville*, No. 24-3963, 2025 U.S. Dist. LEXIS 41616, at *19 (S.D. Ohio Mar. 7, 2025) (screening complaint under § 1915, dismissing state law claims, and reasoning that "[w]ith no federal claims proceeding, the Court should decline to exercise supplemental jurisdiction over any state-law claims Plaintiff might be alleging") (citing *Royal Canin*, 145 S. Ct. at 55).

Finally, the Court dismisses count 10 of West's complaint. He requests a declaratory judgment "stating that the lifetime housing agreement is enforceable, that Plaintiff has a legal right to remain at the Carpenter Road property, and that any eviction effort is unlawful under the facts and law." (ECF No. 11, PageID.105.) The Declaratory Judgment Act only "provides courts with discretion to fashion a remedy in cases where federal jurisdiction already exists." *See One Beacon Ins. Co. v. Chiusolo*, 295 F. App'x 771, 775 (6th Cir. 2008) (citing 28 U.S.C. § 2201(a)). The Act "does not provide an independent basis for jurisdiction." *Id.* The Court has dismissed each of West's claims and thus lacks jurisdiction over his declaratory judgment claim.

## III.

For the reasons above, the Court DISMISSES West's complaint (ECF No. 11) and DENIES AS MOOT his renewed emergency motions for a temporary restraining order and injunctive relief (ECF Nos. 15, 16). A separate judgment will follow.

SO ORDERED.

Dated: April 14, 2025

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE
