UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRYL WEST,

     Plaintiff,

v.

MARC LANDAU and DRINDA
OSBORNE,

     Defendants.

Case No. 25-10420
Honorable Laurie J. Michelson

---

## ORDER DENYING MOTION FOR RECONSIDERATION [20]

---

Darryl West alleges that he has a "lifetime housing agreement" with Drinda Osborne (ECF No. 11, PageID.92), "whereby [West] would provide construction services, convalescent care for Defendant Osborne's elderly mother, and family support in exchange for lifetime housing" (*id.* at PageID.99). But West asserts that Osborne is currently seeking to evict him, allegedly in retaliation for his "cooperation with law enforcement and refusal to alter his testimony" against Osborne in criminal proceedings against her. (*Id.* at PageID.98.)

Specifically, West claims that he reported Osborne to the police in September 2024 after she "unlawfully removed [his] equipment trailer" from his property (*id.* at PageID.94) and that Osborne responded by "initiating a retaliatory eviction action" (*id.* at PageID.98). He further alleges that Marc Landau, Osborne's attorney in the criminal proceedings against her and the eviction proceedings against West, "sent multiple threatening emails [to West] in an effort to pressure and intimidate him into

altering his testimony . . . [and] demanded that [West] claim he and Osborne had reconciled and that the trailer had not been stolen." (*Id.* at PageID.94.)

In February 2025, West brought a *pro se* action against Osborne and Landau. (ECF No. 1.) On April 3, 2025, he filed a fourth amended complaint (ECF No. 11), along with an emergency motion for a temporary restraining order (ECF No. 10). On April 4, 2025, the Court denied that emergency motion. (ECF No. 13.) Then, on April 11, 2025, West filed a renewed emergency motion for a temporary restraining order and preliminary injunction. (ECF Nos. 15, 16.) On April 14, 2025, the Court screened and summarily dismissed West's complaint under 28 U.S.C. § 1915(a)(1) and denied West's pending motions as moot. (ECF No. 18.) West then filed a motion for reconsideration of that decision. (ECF No. 20.) For the reasons that follow, the Court will DENY that motion.

## I.

Under Local Rule 7.1, a party may only seek reconsideration of non-final orders. *See* E.D. Mich. LR 7.1(h)(1) ("Parties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). The court will not grant reconsideration of such an order or judgment under this rule.") So the Court will construe West's motion as seeking reconsideration of the Court's decision denying as moot his emergency motion for a temporary restraining order and preliminary injunction.[1] (ECF No. 18, PageID.162.) The Court's summary

---

[1] To the extent West instead brings a third request for a temporary restraining order (*see* ECF Nos. 10, 15) to "prevent enforcement of the eviction judgment" (ECF

2

dismissal of West's complaint (discussed further below) is, however, a final order not subject to reconsideration under Local Rule 7.1.

**A.**

To begin, motions for reconsideration are "disfavored." E.D. Mich. LR 7.1(h)(2). Such motions may only be brought if a different outcome is warranted for one of three recognized reasons: (1) the Court made a mistake; (2) there has been an intervening change in controlling law; or (3) "new facts" are available. *See Roe v. Ford Motor Co.*, 439 F. Supp. 3d 922, 925 (E.D. Mich. 2020) (explaining that a party seeking reconsideration under this Local Rule "must show that the district court clearly erred, that the court's initial decision will change if the clear error is corrected, and that the error was based on the law and record as it stood when the district court made its initial decision"); *Good v. BioLife Plasma Servs., L.P.*, 647 F. Supp. 3d 555, 559–60 (E.D. Mich. 2022) ("For purposes of reconsideration [under Local Rule 7.1(h)(2)], mistakes and outcomes are mutually exclusive. . . . [T]he purported mistake must be some substantive error in the court's legal analysis or factual findings based on the record at the time of the decision—it cannot be the outcome itself.").

West points to no mistake, clear error of law, intervening change in controlling law, or newly discovered evidence that would warrant relief under Local Rule 7.1(h).

---

No. 20, PageID.165), it again fails for the same reasons described in the Court's April 11, 2025, Order denying that request (ECF No. 13).

3

**B.**

As described above, reconsideration of a final order is not proper under this Court's Local Rules. Rather, Federal Rules of Civil Procedure 59(e) and 60(b) are the proper mechanisms to challenge final judgments and orders, including the Court's decision summarily dismissing West's complaint. (*See generally* ECF No. 18.) But neither Rule provides West the relief he seeks.

To start, West attempts to cure previous deficiencies in his amended complaint, but a post-judgment motion is not a vehicle for making allegations or arguments a party could have raised sooner. "[A] motion for reconsideration is not a second bite at the apple, nor an opportunity to present evidence or arguments that could have been presented in the party's original briefing." *Collins v. Nat'l Gen. Ins. Co.*, 834 F. Supp. 2d 632, 641 (E.D. Mich. 2011); *see also Craddock v. Cnty. Of Macomb*, No. 21-12827, 2024 U.S. Dist. LEXIS 93667, at *4 (E.D. Mich. May 24, 2024) ("[A] Rule 59(e) or Rule 60(b) motion must be denied if the movant is merely attempting to relitigate previously decided issues.").

Moreover, West does not present new evidence, since he could have pled all of what he references (*see* ECF No. 20, PageID.166) in his multiple prior complaints. (*See* ECF Nos. 1, 5, 6, 8, 11.) There was also no mistake or error by the Court, since the Court based its decision on what West pled. (*See generally* ECF No. 18.) And West's allegation of a "misuse of state judicial processes" (ECF No. 20, PageID.166) is not the sort of fraud or misconduct contemplated by Rule 60(b)(3). *See Lindsey v. United States*, 532 F. Supp. 2d 144, 147 (D. D.C. 2008) ("[T]he assertion[s] of . . . *legal*

4

position[s] . . . are not what Rule 60(b)(3) means by 'fraud . . . or misstatement.'" (emphasis in original) (quoting *Roger Edwards, LLC v. Fiddes & Son Ltd.,* 427 F.3d 129, 137 (1st Cir. 2005) and Fed. R. Civ. P. 60(b)(3)).

## II.

For the reasons above, West's motion for reconsideration (ECF No. 20) is DENIED.

IT IS SO ORDERED.

Dated: February 10, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

5